# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 19-60385
Summary Calendar

Diana Marisol Rodriguez Varela,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 693 641

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Diana Marisol Rodriguez Varela, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing the appeal from the decision of the Immigration Judge (IJ)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the decision of the BIA and consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo, and findings of fact are reviewed for substantial evidence. *Id.*

Varela challenges the BIA's denial of her request for asylum and withholding of removal based on her membership in the particular social group of females unable to escape violent domestic relationships. To establish membership in a particular social group, a petitioner must demonstrate that she is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted). We find no error in the BIA's conclusion that Varela's proposed particular social group does not meet these requirements. Because Varela did not establish eligibility for asylum, she necessarily has not established eligibility for withholding of removal. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

In addition, Varela does not challenge the BIA's conclusion that she failed to appeal the finding that she was ineligible for CAT protection. Accordingly, she has abandoned any argument related to this issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Varela's petition for review is DENIED.